**Raymond HARRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 2, 1971.

Larry S. Roberts, Willard B. Paxton, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellant, Raymond Harris, appeals from a judgment finding him guilty of indulging in indecent and immoral practices with the body and organs of another person 15 years old or older and detaining a female against her will with the intent to have carnal knowledge of her. He was sentenced to five years on the first charge and two years on the second. His wife, Betty J. Harris, was jointly tried with him and was given a five-year sentence on the first charge. Her sentence was probated and she has not appealed.

The evidence is conflicting as to exactly what happened on the occasion. Basicly, the facts are that Shirley Ross, a fifteen-year-old girl who was married, came to the Harris home either with or without prior invitation sometime shortly after 12:30 p. m. on September 21, 1969. She was drinking on the occasion. It is not certain whether the Harrises furnished the drinks to Shirley or whether she procured them on her own. She became somewhat intoxicated. It is her contention that she was doped. She ended up in bed with all of her clothes off where Mr. Harris took photographs of her in the nude. According to Shirley's testimony, Mr. Harris attempted to have sexual intercourse with her. This appellant denied.

Appellant insists that the judgment should be set aside on two grounds:

1. Improper search of his premises at the time he was arrested and the illegal seizing of a suitcase containing pornographic material.

2. Improper introduction into evidence of his previous conviction of another felony (rape).

We are of the opinion the judgment will have to be reversed upon the second contention. Also, since there must be a second trial, we will also discuss the first contention, viz., that the search was illegal.

The rule in this jurisdiction in regard to the introduction of past felony convictions for the purpose of impeaching the credibility of the accused has recently undergone substantial change. In Cowan v. Commonwealth, Ky., 407 S.W.2d 695 (1966), we held that an accused who testifies on his own behalf may be impeached by proof that he has previously been convicted of a felony. In that case we held that he could be asked if he had been previously convicted. If he admitted the conviction, there the matter ended. If he denied the conviction, then the Commonwealth could prove the previous conviction; however, it was limited to one previous conviction.

In Cotton v. Commonwealth, Ky., 454 S.W.2d 698 (1970), we reexamined this

rule and made substantial change in it. The rule as stated in Cotton modifies Cowan to the extent of limiting impeachment of a witness by proof of conviction of felonies that rest on dishonesty, such as stealing, false swearing, etc. If the previous convictions rest on dishonesty any number of them may be shown within the discretion of the trial court and the nature of the conviction may be shown. However, if the previous convictions do not rest on dishonesty they may not be introduced in evidence at all and the defendant may not be asked about them. The prior felony is not introducible in evidence for the purpose of impeachment under any circumstance unless it is relevant to the issue of credibility. We do not consider the offense of rape to be relevant to the issue of credibility, therefore, the trial court erred in permitting it to be introduced.

On the second issue, whether the seizing of a suitcase by the arresting officers at the time of the arrest constituted unlawful search and seizure, we have a more difficult problem. The evidence as to exactly what transpired when the officers came to the home of the appellant is conflicting. However, it does not seem to be denied but what they were invited into the house by Mrs. Harris. The evidence is in conflict as to what part of the house Mr. Harris was in at the time the officers entered the front door. The evidence is in conflict as to exactly where the parties were standing at the time the arrest was made. However, taking the portions of the evidence most favorable to the Commonwealth's position, it would indicate that the arrest was effected somewhere in the living room; that the suitcase in question was sitting near a wall in the kitchen and that it was visible from the living room. After the arrest was effected and the officers were on their way out, one of them picked up the suitcase about which he testified: "I picked up a suitcase which was sitting on the side of the wall here." The officer further testified that he took it to headquarters as evidence.

Presumably it was not opened until after it arrived at headquarters. It is appellant's contention that the suitcase was improperly seized under Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed. 685 (1970). The Chimel case, in dealing with a situation somewhat similar to the one we have before us, restricts the right of an arresting officer to search the person arrested and the immediate area around the arrestee wherein he might reach in order to grab an evidentiary item. It is appellant's contention that, the suitcase being outside the reach of the appellant, the officers had no right to seize it. We do not view the Chimel case as being totally in point nor does it add anything to an already existing body of law in this jurisdiction. The officers did not have to make a search for the suitcase. It was in plain view. When an officer makes an arrest in a room he has no right to search any part of the room other than that in the immediate area of the accused but this does not mean that he must blindfold himself to the balance of the room. He can certainly look about him and if items that would constitute evidence or other contraband are in plain view they may be taken by the officer. No search was necessary for the officer to see the suitcase. Therefore, the suitcase as such was introducible in evidence. However, we have an additional problem in that the suitcase was opened up and the jury permitted to view its contents which were not visible to the officers at the time of the arrest. This we do not believe they could do. See Nichols v. Commonwealth, Ky., 408 S.W.2d 189 (1966). That case completely controls the situation now before us. There we held that even though the officers were lawfully within the appellant's room and could view what was "plainly visible" they could not peer down into a paper bag and place their hands in it, as the contents of the bag were not "plainly visible."

From the foregoing it would appear that the officers could properly seize the suitcase and the suitcase as such was introducible as evidence but only as a suitcase.

What was placed in evidence and what was of significance was the contents of the suitcase. These contents we consider to be illegally seized. Therefore, upon another trial the contents of the suitcase may not be introduced in evidence. We reach this conclusion because a suitcase is a container, viz., its contents are not an integral part of the suitcase itself. This same rule might not apply to a camera where the film is a part of the instrument itself. We point this out because there was a camera involved in this case and the question may arise on a new trial.

The judgment is reversed.

All concur except MILLIKEN, C. J., who was not sitting.