**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Thomas GRIFFIN and Catherine Tucker, Defendants-Appellees.**

No. 73–2207.

United States Court of Appeals, Sixth Circuit.

Argued April 17, 1974.

Decided Aug. 21, 1974.
Certiorari Denied Dec. 9, 1974.
See 95 S.Ct. 626.

Larry Whitney, Dept. of Justice, for plaintiff-appellant; Ralph B. Guy, U. S. Atty., Detroit, Mich., James J. Tansey, Atty., Dept. of Justice, Washington, D. C., on brief.

Marshall C. Hill, Detroit, Mich., for defendants-appellees.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

PER CURIAM.

Federal Narcotics Agents in the City of Detroit who had, by dint of surveillance and two prior lawful arrests, developed probable cause for the search of appellee Griffin's apartment determined to do so. An agent was dispatched to procure a search warrant, while other agents were dispatched to Griffin's apartment to "secure" it. Promptly on their arrival, and after receiving no reply to their knock, they "secured" the apartment by forcibly entering it, discovering a considerable quantity of narcotics and related paraphernalia in plain view. At this point appellee Tucker came into the apartment and was arrested. Another agent was then dispatched to "expedite" the procurement of a search warrant.

The (now conceded to be) illegal entry took place at approximately 5 p. m. The search warrant was returned to the apartment and at approximately 9 p. m. a thorough search was made. It is conceded by appellant that the affidavit upon which the search warrant was procured did not contain any facts discovered as a result of the illegal entry.

■ On these facts the government contended before the District Court that appellees' motion to suppress should be denied because of exigent circumstances. They argued that the narcotics which they had reason to believe were there could readily have been disposed of. But as the District Judge ascertained by questioning, there was no proof that anyone was in the apartment, and on the contrary, they had good reason to believe from prior surveillance of it that nobody was. Holding that there were no exigent circumstances to excuse the warrantless entry, the District Judge granted the motion to suppress evidence.

Before this court the government changed its position. It now argues that the exclusionary rule should not have been applied in this case because the discovery of these materials under the circumstances of this case was inevitable without any reference to the illegal entry. In this regard the government relies principally upon a recent case in the New York Court of Appeals, People v. Fitzpatrick, 32 N.Y.2d 499, 346 N.Y. S.2d 793, 300 N.E.2d 139, cert. denied, 414 U.S. 1050, 94 S.Ct. 554, 38 L.Ed.2d 338 (1973), where the court stated:

"[T]he inevitable discovery factor 'permits the government to remove the taint from otherwise poisoned fruit by establishing that the unlawful act from which it resulted was not a *sine qua non* of its discovery'." People v. Fitzpatrick, *supra* at 506, 346 N.Y.S.2d at 797, 300 N.E.2d at 142, *quoting with approval* Maguire, How to Unpoison the Fruit, 55 J.Crim.L.C. & P.S. 307, 313.

The District Judge was clearly right in finding that the government had not established exigent circumstances to warrant the forcible entry without search warrant. This case did not involve hot pursuit. Nor did the government present proofs which established its theory that the evidence it sought was in danger of destruction. Hence, we have no need to pass upon what effect, if any, such facts if established, might have upon the normal requirement of a search warrant.[1]

 We also believe the government's reliance upon the *Fitzpatrick* case is misplaced. In *Fitzpatrick* the court held that the police had lawfully arrested Fitzpatrick. They had a clear legal right to search the closet where they had arrested Fitzpatrick and they then had both the present intention and the present capability of doing so.

None of these factors is present in our current fact situation and hence we have no need to determine our attitude toward the rationale of *Fitzpatrick*. Absent "exigent circumstances," the police clearly may not force entry to a home without a search warrant simply because they think they have probable cause to believe evidence of crime may be found therein. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L. Ed. 436 (1948); United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970).

We hold that absent any of the narrowly limited exceptions (*See* Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L.Ed.2d 576 (1967)) to the search warrant requirement, police who believe they have probable cause to search cannot enter a home without a warrant merely because they plan subsequently to get one. The assertion by police (after an illegal entry and after finding evidence of crime) that the dis-covery was "inevitable" because they planned to get a search warrant and had sent an officer on such a mission, would as a practical matter be beyond judicial review. Any other view would tend in actual practice to emasculate the search warrant requirement of the Fourth Amendment.

The judgment of the District Court is affirmed.

---

1. *Compare* United States v. Rubin, 474 F.2d 262 (3d Cir.), cert. denied sub nom. Agran v. United States, 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973). This circuit has never had occasion to pass on the holding of the *Rubin* case.