THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL H. ROBERTS, Appellants.— Upon this appeal by defendant from a judgment of the County Court, Nassau County, rendered July 23, 1973, convicting him of seven counts of forgery in the second degree and other crimes, upon a jury verdict, and imposing sentence, this court previously remanded the case to the County Court for a hearing and ordered the appeal held in abeyance in the interim. The County Court has held the hearing and has made an order thereon, entered June 19, 1974, which order is herewith reviewed together with the appeal from the judgment. Judgment and order affirmed and the case is remitted to the County Court, Nassau County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Prior to trial defendant moved to suppress certain business records. Following a hearing the County Court found that seven copies of notices of mechanic's liens had been illegally obtained and were inadmissible. However, at the trial the People introduced certified copies of the same notices of mechanic's liens, which had been obtained from the County Clerk's office. They were admitted into evidence on the theory that they were not, physically, the same as the notices which had been suppressed. Defendant was convicted and sentenced. He appealed to this court and, by order dated February 4, 1974 this court remanded the case to the trial court for a hearing "at which the People would be required to establish that the copies being used had not been come at by exploitation of the illegally seized evidence or by means sufficiently distinguishable to be purged of the primary taint" (*People* v. *Roberts,* 43 A D 2d 947). At the conclusion of the remand hearing the County Court held "that the certified copies of the mechanics [*sic*] liens introduced into evidence at trial were not the fruit of the poisonous tree, and were not subject to suppression on the tiral." We agree. The record reveals that, through complaints filed with the District Attorney's office, the names of defendant's corporations were discovered, that the investigation of these complaints began well in advance of the illegal seizure, that defendant's employee told the investigators which corporations had filed notices of mechanic's liens, that the District Attorney's office knew the notices were indexed at the County Clerk's office and that, by reviewing the records of the County Clerk, which would only have taken about one hour, the notices would have been discovered. The prosecutor candidly told the trial court that information relating to the locating of five of the seven notices of mechanic's liens, which formed the basis of the indictment, had been obtained from the suppressed documents. Hence this is not a case where because the District Attorney learned of the evidence from an independent source the exclusionary rule has no application (*Silverthorne Lbr. Co.* v. *United States,* 251 U. S. 385). Nor is this a case in which the connection between the lawless

conduct of the District Attorney and the discovery of the challenged evidence had become so attenuated as to dissipate the taint (*Nardone* v. *United States*, 308 U. S. 338; see, also, *Wong Sun* v. *United States*, 371 U. S. 471). This case falls within the purview of the doctrine of inevitable discovery, that is, evidence derived from information obtained in an unlawful search is not inadmissible under the fruit of the poisonous tree theory where it is shown that such evidence inevitably would have been gained without the unlawful action (*People* v. *Fitzpatrick*, 32 N Y 2d 499, 506, cert. den. 414 U. S. 1033; *People* v. *Soto*, 55 Misc 2d 219; 43 ALR 3d 385, 404; but, see, *United States* v. *Griffin*, 502 F. 2d 959, cert. den. 419 U. S. 1050). Upon the evidence adduced at the hearing we believe that the continued investigative work by the District Attorney's office would have led to a discovery of the notices of mechanic's liens at the County Clerk's office and the procurement of the certified copies thereof. It may not be fairly said that the District Attorney exploited the illegality involved in the prior seizure. Latham, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.