Marcus Earl TAYLOR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 26, 1979.

Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

Before MARTIN, C. J., and REYNOLDS and WILHOIT, JJ.

MARTIN, Chief Judge.

This is an appeal of an armed robbery conviction in Jefferson Circuit Court where appellant was sentenced to the penitentiary for a period of fifteen years. The principal issue raised is the refusal of the trial court to exclude testimony of the arresting police officers regarding the recovery, during an illegal search, of a cash box and wallet taken during the robbery.

█ The Commonwealth proved very effectively that the armed robbery was committed by the appellant. However, rather than resting its case, the Commonwealth proceeded, over objection, to question the police officers about items recovered from the basement of the house where appellant was arrested. The refusal of the the the trial court to exclude this testimony denied the appellant a fair trial under the United States Supreme Court guidelines and leaves us no alternative but to reverse the conviction and order that appellant be granted a new trial.

The proof of the Commonwealth established that on May 20, 1977, at approximately 8:45 A.M., an armed robbery occurred at the Restonic Sleep Products Company in Louisville. A single gunman took a cash box containing approximately $35 and a wallet containing an undetermined amount of cash. William Friddle, an employee of Restonic, followed the robber out of the store. Friddle testified that he got into his car and watched the appellant walk down the street. Though losing sight of him for a moment, he later observed him entering a house on St. Louis Street with the cash box under his arm. Upon sighting a police car, Friddle stopped the car and told the officers that he had observed the robber of the Restonic Company office enter the house.

Louisville Police Officer Carolyn Farrago testified that she and her partner, Officer Hill, were responding to a radio call concerning the Restonic robbery when Friddle stopped their car. As she began her testimony, counsel for the appellant objected to any reference to the items that had been taken at the time of, and following, appel-

lant's arrest. The grounds given were that there was no probable cause for the search of the house nor was there a search warrant prior to the search of the house. The trial court overruled this motion, holding there to be probable cause to enter the house and conduct a search, including the basement.

Officer Farrago testified that after being stopped by Friddle, she called for additional police support. Two other cars arrived shortly thereafter and two officers went to the front door and knocked. Appellant answered the door and was immediately identified as the robber by Friddle. The appellant was questioned for a short period of time at the door, and then was placed under arrest by Officer Jamison of the Louisville Police Department.

The house in which the appellant was arrested was described as a shotgun type building, that is, it was long and narrow. The appellant was arrested in the front part of the house or on the front porch and was taken from there to a district police station. The area immediately surrounding appellant was searched by the arresting officers upon arrest. Shortly after this, however, additional officers arrived and began searching the house thoroughly. They proceeded from the area of the front of the house to the rear of the house where they discovered, by rolling back the floor covering, a trapdoor leading to the basement. Lifting the trapdoor, they found the cash box and wallet that Friddle had identified as having been taken in the robbery.

In the present case, the Commonwealth argues that the proof of guilt of appellant was so substantial that the testimony describing the property recovered was harmless error. We disagree.

The evidence for the prosecution clearly established that the stolen items were recovered in the back room of the house. However, the appellant was arrested by the front door, was detained in the front room for a while and then taken to police headquarters. No evidence was introduced at trial to suggest that appellant was in the back part of the house at any time after his arrest, and it is not even clear that he was

present in the house when the evidence was discovered. There was no suggestion made by the arresting officers that they suspected any other person to have been involved in the robbery or to have been present in the house.

In *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the court emphasized that warrantless searches, whether or not incident to arrest, are the exception and not the rule. A search of the person of an accused, and of the area within his immediate control, is only justified where the exigency of the situation demands it. Thus, for example, a warrantless search is permissible where it is necessary to prevent harm to arresting officers, where there is the possibility that suspects will escape, or where evidence may be destroyed. See *United States v. Shye*, 473 F.2d 1061 (6th Cir. 1973).

Even when there is ample justification for permitting a limited warrantless search because of exigent circumstances, the *Chimel* court noted, at 89 S.Ct. 2040:

There is no comparable justification, however, for routinely searching any room other than that in which an arrest occurs —or, for that matter, for searching, through all the desk drawers or other closed or concealed areas in the room itself. Such searches, in the absence of well-recognized exceptions, may be made only under the authority of a search warrant.

In *Harris v. Commonwealth*, Ky., 469 S.W.2d 68 (1971), the court held that, incident to a lawful arrest, police officers may seize evidence which is in plain view. The court also held that the seized evidence may not be searched, however, in order to discover the contents. Such a search clearly goes beyond the limitations imposed by the plain view doctrine. Furthermore, when an officer makes an arrest in a room, he has no right to search any other part of that room except that which is in the immediate control of the suspect. Cf. *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *Nichols v. Common-*

*wealth,* Ky., 408 S.W.2d 189 (1966). The plain view exception pertains solely to the inadvertent observation of the items seized where the initial intrusion brings the police within plain view of the article. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). In the present case, the items seized were clearly not within the plain view of the arresting officers.

In *United States v. Hayes,* 518 F.2d 675 (6th Cir. 1975), the defendants were arrested in their automobile and subsequently handcuffed. They were taken back to their motel and the police conducted a search. The court held that this warrantless room search could not be validated as incident to a lawful arrest. The court reasoned that, since the arrests occurred in an area well outside the searched rooms, the warrantless search could not be justified. In *United States v. Griffith,* 537 F.2d 900 (7th Cir. 1976), the court held that, in a situation where there was no danger that the suspect could reach for a weapon, police officers could not conduct a search in any room other than that in which the arrest occurred. A search of other rooms is forbidden by *Chimel,* as is a search of closed or concealed areas in the room where the accused was arrested.

In *United States v. Shye, supra,* the court noted that, once the suspect is under the control of police officers, the area of permissible search is narrowed accordingly. See also *United States v. Griffith, supra.* This holding illustrates the balancing test required by *Chimel.* The exigent circumstances test balances the right of the individual to be free from unreasonable intrusions against the need of society to effectively investigate criminal offenses. See *United States v. Hayes, supra; Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

We can see no alternative in this case other than to reverse the conviction of the appellant and return the case to the Jefferson Circuit Court for retrial. At the next trial, all reference to items taken in the illegal search should be excluded.

All concur.