STATE OF NEBRASKA, APPELLANT, V. ROBIN K. BURCHETT,
APPELLEE.
352 N.W.2d 188

Filed July 20, 1984.   No. 84-415.

Michael G. Heavican, Lancaster County Attorney, Alan L.
Everett, and Bruce W. Gillan, for appellant.

Dennis R. Keefe, Lancaster County Public Defender, and
Scott P. Helvie, for appellee.

BOSLAUGH, J.

The State has appealed under Neb. Rev. Stat. § 29-824
(Cum. Supp. 1982) from an order of the district court for Lan-
caster County, Nebraska, suppressing two bicycle owner's man-
uals seized from the residence of the defendant, Robin K. Bur-
chett.

Burchett is charged with first degree murder. Juana Lea Ro-
lenc was found dead in Lancaster County on May 11, 1983. On
May 16, 1983, Clement Rolenc told an investigating officer that
he had hired Robin Burchett and another man to kill his wife,
Juana Lea, and had paid them $1,000, mostly in $100 bills.

Burchett was arrested in Grand Island, Nebraska, on May 17,
1983. On that date a search warrant was issued by the district
court for Lancaster County for a search of Burchett's residence
in Grand Island. Officers from Lancaster County went to
Grand Island to conduct the search. Shortly before the search
commenced, Burchett's wife informed an investigating officer

that Burchett had purchased two new bicycles on May 11, 1983, with $100 bills. She told the investigator that she had noticed in the bicycle owner's manuals that the price of each bicycle was $90. This information was relayed to the officers who were to conduct the search.

During the course of the search, the officers found and seized the owner's manuals which were in a box in the dining room. The box contained various other papers. The search warrant did not specifically authorize seizure of the manuals.

Burchett filed a motion to suppress, arguing that the manuals were illegally seized. The district court sustained the motion, stating that the manuals were outside the scope of items authorized to be seized by the search warrant issued May 17, 1983. The State brought this appeal.

The State contends that the manuals were in "plain view" of the officers, who had a right to be in the position to have that view, and therefore should not be suppressed. Moreover, the State contends that there is a reasonable probability that the evidence would have been discovered in a lawful manner had any illegality not occurred. Burchett maintains that the officers were aware of the existence of the owner's manuals before conducting the search and therefore were required to get a search warrant specifically naming those items. Burchett argues that the "plain view" exception to the warrant requirement is applicable only where the discovery is "inadvertent."

Burchett admits for purposes of this appeal that the officers were present at his residence pursuant to a valid search warrant. Burchett relies upon *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971), for his contention that the discovery must be inadvertent. In *Texas v. Brown*, 460 U.S. 730, 743, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983), the U.S. Supreme Court discussed the *Coolidge* case, and stated: "[T]he *Coolidge* plurality also stated that the police must discover incriminating evidence 'inadvertently,' which is to say, they may not 'know in advance the location of [certain] evidence and intend to seize it,' relying on the plain-view doctrine only as a pretext." The court went on to state that a roadblock set up by police in a known area of drug trafficking did not constitute anything more than a generalized expectation

on the part of the police that some of the vehicles halted would contain narcotics. The court held that the "inadvertence" requirement did not bar the application of the "plain view" exception.

The record in this case does not indicate that the officers used a valid warrant as a pretense for seizing the manuals. Mrs. Burchett merely informed the investigating officer that Burchett had purchased the bicycles and that the price was indicated on the manuals. The information from Mrs. Burchett only furnished the basis for the officers to know that the manuals were relevant as evidence. She did not tell the officers where the manuals were. Thus, the officers had only a generalized expectation that they might find the manuals in the house. In such a case an officer who has a right to be where he is, is authorized to seize evidence which he knows to be incriminating in nature when that evidence comes into plain view. *State v. Holloman*, 197 Neb. 139, 248 N.W.2d 15 (1976).

Moreover, it is reasonably probable that the manuals seized by the officers would have been obtained in the course of an investigation based upon evidence or leads already in possession of the authorities. In *Nix v. Williams*, _____ U.S. _____, 104 S. Ct. 2501, 2511, 81 L. Ed. 2d 377 (1984), the U.S. Supreme Court said: "[I]f the government can prove that the evidence would have been obtained inevitably and, therefore, would have been admitted regardless of any overreaching by police, there is no rational basis to keep that evidence from the jury in order to ensure the fairness of the trial proceedings." See, also, *State v. Poit,* 216 Neb. 635, 344 N.W.2d 914 (1984).

The record clearly shows that Mrs. Burchett had informed the investigating officer that her husband had purchased the bicycles with $100 bills. In investigating this lead it is inevitable that the officers would have discovered and seized corroborative evidence of the purchase of the bicycles.

The order of the district court suppressing the bicycle owner's manuals is reversed.

REVERSED.