The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Robert Allen SCHOONDERMARK,
Defendant-Appellant.

No. 83CA0851.

Colorado Court of Appeals,
Div. II.

Oct. 24, 1985.

Rehearing Denied Nov. 21, 1985.

Certiorari Granted (People) April 7, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Robert Schoondermark, appeals the judgment of conviction entered upon jury verdicts finding him guilty of dispensing methamphetamine and of possession and use of psilocybin, both dangerous drugs. Defendant contends the trial court erred in admitting certain evidence illegally seized during a warrantless search. The People argue in the alternative either that the evidence was admissible under the "inevitable discovery" doctrine or that, if inadmissible, the trial court's failure to suppress the evidence was harmless error. We reverse.

Defendant was arrested outside his house a few minutes after he had allegedly sold methamphetamine to an undercover agent in the house. Because the weather was extremely cold that evening, the police insisted defendant let them into his house. Detective Clingan quickly walked through the house and determined it was otherwise unoccupied. Two officers remained to "secure" the house while Detective Clingan left to obtain a search warrant. Defendant was meanwhile taken to the police department.

While the officers waited in defendant's living room, the following items were lying in plain view on defendant's coffee table: some marijuana, a large scale with a powdery substance on it, another scale, a hollow ballpoint pen with a powdery residue on it, and psilocybin mushrooms.

When Detective Clingan returned with the search warrant, police officers seized the evidence on defendant's coffee table. Police also searched a desk which appeared to belong to defendant. In the desk, officers found and seized a plant-type material later identified as containing psilocybin.

The trial court denied defendant's motion to suppress admission of evidence taken from his coffee table because it found there were exigent circumstances which required officers to "secure" defendant's house.

I.

Defendant argues that the trial court improperly admitted the evidence seized from his coffee table because its discovery resulted from a warrantless search and because there were no exigent circumstances to justify the search. We agree.

A warrantless search is prima facie invalid unless the search falls within an exception to the warrant requirement. *People v. Casias*, 193 Colo. 66, 563 P.2d 926 (1977). Entering a home to "secure" it is a search. *See People v. Turner*, 660 P.2d 1284 (Colo.1984). Exigent circumstances requiring immediate police action justify warrantless searches and seizures. *People v. Barndt*, 199 Colo. 51, 604 P.2d 1173 (1980). The threat of either immediate destruction or removal of evidence is an exigent circumstance justifying a warrantless search. *People v. Bustam*, 641 P.2d 968 (Colo.1982).

Here, however, exigent circumstances were absent. The undercover agent had just left defendant's house; she told Detective Clingan that defendant, another man, and a child were in the house. These three persons were together when defendant was later arrested outside his house. Finally, Detective Clingan testified that the extreme cold, and not threats of destruction or removal of evidence, motivated him to insist that defendant open his house to police officers. Yet the police station was only a mile and a half away and warm police cars were nearby.

We hold that, under these circumstances, the police lacked justification to enter defendant's house without first obtaining a search warrant; thus, evidence discovered upon the entry and seized from defendant's coffee table should have been suppressed.

## II.

The People contend that, even if the evidence found in plain view upon defendant's coffee table was seized in violation of his Fourth Amendment rights, it is nonetheless admissible under the inevitable discovery rule because probable cause existed to obtain a search warrant and because it was inevitable that police officers would discover it by lawful means. This argument was squarely rejected upon nearly identical facts in *United States v. Griffin*, 502 F.2d 959 (6th Cir.1974), *cert. denied*, 419 U.S. 1050, 95 S.Ct. 626, 42 L.Ed.2d 645 (1975). We agree with the *Griffin* analysis.

The Colorado Supreme Court has held that evidence found in plain view during an illegal search must be suppressed to deter such searches. *People v. Barndt, supra.* "[A]bsent any of the narrowly limited exceptions to the search warrant requirement, police who believe they have probable cause to search cannot enter a home without a warrant merely because they plan subsequently to get one." *United States v. Griffin, supra.* Thus, the evidence here was not rendered admissible merely because a warrant was ultimately obtained.

While the majority of all state and federal courts, as well as the United States Supreme Court, recognize an inevitable discovery exception to the exclusionary rule, *see Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *People v. Quintero*, 657 P.2d 948 (Colo.1983), that rule is most frequently applied to purge the taint from derivative evidence, not primary evidence which is the direct product of the illegal search. *See State v. Crossen*, 536 P.2d 1263 (Or.App.1975); 1 W. LaFave & J. Israel, *Criminal Procedure* § 9.3 (1984).

We conclude that the inevitable discovery rule is inapplicable to rehabilitate evidence which has been seized during a search conducted in violation of a defendant's Fourth Amendment rights. To hold otherwise would justify, if not encourage, warrantless searches. To allow admission of evidence seized in an illegal search on the theory that proper execution of a search warrant would have disclosed the seized evidence would emasculate the search warrant requirement of the Fourth Amendment and would eviscerate the exclusionary rule. It would authorize the police to circumvent the magistrate which the United States Constitution interposes, as a safeguard, between the exercise of governmental power and the rights of the citizenry. *See McDonald v. United States*, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948). Unconstitutional government intrusions would, as a practical matter, be beyond judicial review. *United States v. Griffin, supra.*

## III.

The People finally argue that even if the trial court erred in admitting evidence from defendant's coffee table, the error was harmless because other admissible evidence was sufficient to convict defendant. We disagree.

To constitute reversible error, the improperly obtained evidence must have substantially influenced the verdict. *People v. Thomas*, 189 Colo. 490, 542 P.2d 387 (1975). Here, the psilocybin mushrooms illegally seized from defendant's coffee table tended to establish his knowledge that the substance later seized from his desk was also psilocybin. Also, the prosecution used the drug paraphenalia found on defendant's coffee table to rebut his testimony that he did not sell methamphetamine to the police informant. Therefore, the admission of the evidence illegally seized from defendant's coffee table was prejudicial to him.

The judgment is reversed and the cause is remanded for new trial.

PIERCE and KELLY, JJ., concur.