RENDERED: MARCH 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0843-MR

ALEXANDER F. SAINS                                APPELLANT

                  APPEAL FROM MCCRACKEN CIRCUIT COURT
v.              HONORABLE WILLIAM ANTHONY KITCHEN, JUDGE
                      ACTION NO. 21-CR-00412-001

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Alexander F. Sains brings this appeal from a June 8, 2022, Final Judgment and Sentence of Imprisonment adjudicating him guilty of first-degree trafficking in carfentanil or fentanyl derivatives, first-degree trafficking in a controlled substance (cocaine), and first-degree trafficking in a controlled substance (methamphetamine) and sentencing Sains to a total of seven-years' imprisonment. We affirm.

In 2021, Sains was indicted by a McCracken County Grand Jury upon the charges of trafficking carfentanil or fentanyl derivatives, trafficking cocaine, trafficking synthetic drugs, and trafficking in the second degree (ecstasy). Sains subsequently filed a motion to suppress evidence seized from a warrantless entry into his home. Following an evidentiary hearing, the circuit court concluded that exigent circumstances existed to justify the warrantless entry. More particularly, the circuit court held:

> In this case there were exigent circumstances which made the officers' warrantless entry objectively reasonable. Officers arrived at Sains' address, not to conduct a search, but to arrest him on the serious, violent, felony charges of First-Degree Burglary and First-Degree Strangulation after Detective Murphy interviewed the victim of the burglary and strangulation. Sains was known to be on federal probation, and he was thought to have been previously been [sic] involved in a double homicide. Officers reasonably believed that Sains was hiding inside his apartment with his girlfriend and her two children and that he was dangerous. It was not unreasonable for officers to elect to enter the apartment and immediately arrest Sains when any delay would afford him time to formulate a plan to resist or evade capture.

March 8, 2022, Order Denying Motion to Suppress at 4. Thus, the circuit court denied Sains' motion to suppress evidence.

Following the circuit court's denial of Sains' motion to suppress, Sains accepted the Commonwealth's offer on a plea of guilty. Consistent therewith, Sains entered a conditional guilty plea to first-degree trafficking

carfentanil or fentanyl derivatives, first-degree trafficking in a controlled substance (cocaine), and first-degree trafficking in a controlled substance (methamphetamine). Sains was sentenced to seven-years' imprisonment on each of the three counts to run concurrently for a total of seven-years' imprisonment. Sains preserved the right to appeal the denial of his motion to suppress evidence. This appeal follows.

The events leading to Sains' arrest occurred on March 22, 2021. Detective Jordan Murphy of the Paducah Police Department was assigned to investigate a crime involving a first-degree burglary and first-degree strangulation. After interviewing the crime victim at the hospital, Sains was identified as the suspect. Sains, who was on federal probation in an unrelated case, had provided his home address to probation and parole as 3160 Twinson Court, Apartment 217, Paducah, Kentucky. Sains' federal probation officer advised Detective Murphy that Sains drove a maroon/burgundy Lincoln and that if the vehicle was at the address, Sains was likely inside the apartment. Believing he had probable cause to arrest Sains, Detective Murphy proceeded to the apartment complex on Twinson Court. Due to the violent nature of the current felony charges and the double homicide investigation involving Sains, several officers accompanied Detective Murphy for the purpose of arresting Sains.

Upon arriving at the residence, Detective Murphy observed a maroon/burgundy Lincoln parked near the apartment and verified that it belonged to Sains. Detective Murphy then knocked on the door of Apartment 217, and Sains' girlfriend, Icesys Sykes, answered. Sykes denied that Sains was inside the apartment and refused to allow the officers entry. Detective Murphy believed Sykes was being untruthful about Sains' presence. Detective Murphy observed young children in the residence and detected a strong odor of marijuana. Officers pulled Sykes and the young children out of the residence and then entered; Sains emerged from a back bedroom. Sains was placed under arrest on the charges of first-degree burglary and first-degree strangulation.

While effectuating the arrest, officers observed narcotics in plain view on the kitchen counter. Detective Murphy then obtained a search warrant for Sains' apartment based upon the strong odor of marijuana and the narcotics that were in plain view. Officers subsequently uncovered fentanyl, cocaine, ecstasy, and synthetic drugs leading to Sains' subsequent indictment.

Sains asserts the circuit court improperly denied his motion to suppress evidence as the warrantless entry and subsequent search of the residence violated his right to be protected from unreasonable search and seizure under the Fourth Amendment of the United States Constitution and Section 10 of the

-4-

Kentucky Constitution.[1]  Sains more particularly asserts that the circuit court erred by determining that exigent circumstances existed to justify the warrantless entry into Sains' apartment.

To begin, our review of a circuit court's denial of a motion to suppress evidence is pursuant to a two-prong test.  *Commonwealth v. Mitchell*, 610 S.W.3d 263, 268 (Ky. 2020).  Under the first prong, we review the circuit court's findings of fact pursuant to the clearly erroneous standard.  *Id.*  Pursuant to this standard, the circuit court's "findings of fact will be conclusive if they are supported by substantial evidence."  *Id.*  Under the second prong, we review the circuit court's application of the law to the facts *de novo*.  *Id.*

It is a fundamental tenet of the Fourth Amendment to the United States Constitution that an individual shall be free "to retreat into his own home and there be free from unreasonable governmental intrusion."  *Payton v. New York*, 445 U.S. 573, 590 (1980).  It has been further recognized that a warrantless entry into a residence is presumptively unreasonable.  *Id.* at 586.  However, a warrantless entry into a residence may be lawful where the entry is justified by exigent

---

[1] The Kentucky Supreme Court has recognized that the protection afforded by Section 10 of the Kentucky Constitution against unreasonable search and seizure is coextensive with the protection afforded by the Fourth Amendment of the U.S. Constitution.  *LaFollette v. Commonwealth*, 915 S.W.2d 747 (Ky. 1996), *overruled on other grounds by Hunter v. Commonwealth*, 587 S.W.3d 298 (Ky. 2019).

circumstances. *Id.* at 590; *see also Talbott v. Commonwealth*, 968 S.W.2d 76, 81 (Ky. 1998) (citations omitted).

The exigent circumstances justifying a warrantless entry into a residence have been generally recognized in three types of instances: "(1) the officers involved were in hot pursuit of a fleeing suspect; (2) the suspect posed an immediate threat to arresting officers or to the public; and (3) immediate police action was necessary to prevent the destruction of vital evidence or to prevent the escape of a known criminal." *Ingram v. City of Columbus*, 185 F.3d 579, 587 (6th Cir. 1999); *see also Taylor v. Commonwealth*, 577 S.W.2d 46, 48 (Ky. App. 1979) (citation omitted). And, "an important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made." *Welsh v. Wisconsin*, 466 U.S. 740, 753 (1984).

In the case *sub judice*, Sains was identified as the perpetrator in a recent violent crime – first-degree burglary and first-degree strangulation. Shortly before Sains' arrest, Detective Murphy had interviewed the crime victim at the hospital who identified Sains as the perpetrator. Detective Murphy also knew that Sains was previously identified as a suspect in a double homicide investigation and was on federal probation for an unrelated charge. These factors, combined with the presence of the young children in the residence, led officers to believe Sains posed an immediate threat to the officers and the public. The gravity of the violent

-6-

offenses charged, the federal probation, and the previous double homicide investigation all weighed in favor of determining that exigent circumstances existed to justify the warrantless entry into Sains' residence for purposes of arresting him. Therefore, we conclude that the circuit court properly denied Sains' motion to suppress the evidence seized.

For the foregoing reasons, Final Judgment and Sentence of Imprisonment entered by the McCracken Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Molly Mattingly
Assistant Public Advocate
Dept. of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General
Frankfort, Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky