MANN, Chief Judge.
The search warrant attacked on this appeal is based upon an affidavit stating that a Tampa Police Officer had good reason to believe that in a certain mobile home of “aluminimum” (sic) construction, specifically identified and located, there were narcotics. The affiant’s reasons for his belief were stated to be:
“That in his capacity as a detective of the Tampa Police Department, he has had occasion to employ the use of a confidential informant whose reliability has been established by the fact that in the past two years he has supplied information which upon investigation has proven to be true and accurate and upon which information two arrests for robbery were made and the defendants convicted of that charge in . Hillsborough County, . . . Florida. Affiant says that said informant had received information from a friend that said friend has been within the herein described premises within the past week and has seen a quantity of amphetamines, barbiturates, and marijuana and has obtained mom one of the residents of said mobile home a quantity of amphetamines, barbiturates, and marijuana.”
So far, assuming the reliability of the confidential informant, we know nothing of the reliability of his friend, which Agtiilar[1] and Spinelli[2] require. If that were all there is, we would be obliged to hold the affidavit and the warrant issued upon it insufficient, but the affidavit continues :
“Affiant further states that he along with deputies from the Pasco County Sheriff’s Office arrested DANIEL WILLIAM RAU and RUSSELL ‘JIMMY’ PUCKS at the premises heretofore described on the 15th day of February, 1973, at approximately 3 :30 o’clock p. m., for illegal possession of marijuana and narcotic drugs and after having advised said defendants of their rights, said defendants stated that there was within said green and white mobile home heretofore described, at the present time, a quantity of amphetamines, barbiturates, and less than a pound of marijuana.”
There was an adequate allegation that the mobile home was in the possession of Rau and Hicks, and certainly their admissions that contraband was contained therein sufficiently support the issuance of the warrant. As we stated in State v. Oldack,[3] *46 statements in an affidavit which fall short of the constitutional standard may be treated as surplusage where the remainder of the allegations are sufficient of themselves to sustain the issuance of the warrant.
Hicks further states that the affidavit does not state sufficiently the manner in which the defendants were advised of their rights. We cannot disapprove a search warrant on such a technicality. If the information was improperly obtained, procedures exist for moving to suppress the evidence seized. To say that the affidavit itself is defective for alleging appropriate warnings in a general way is to quibble, contrary to the common sense of the situation.
Affirmed.
HOBSON and McNULTY, JL, concur.

. 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723.

. 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637.

. Fla.App.2d 1973, 283 So.2d 73.