405 So.2d 1001 (1981)
The STATE of Florida, Appellant,
v.
Pedro RAMOS, Appellee.
No. 80-845.
District Court of Appeal of Florida, Third District.
July 28, 1981.
Rehearing Denied November 25, 1981.
Jim Smith, Atty. Gen., and Theda R. James, Asst. Atty. Gen., for appellant.
Raymond J. Takiff, Coconut Grove, and Richard Hersch, Miami, for appellee.
Before BARKDULL, HENDRY and NESBITT, JJ.
HENDRY, Judge.
Appellant State of Florida challenges a circuit court order suppressing evidence seized by police from defendant's home under the following circumstances. After receiving information from a confidential source that defendant would deliver cocaine concealed in a hollowed-out book, police staked-out defendant's home. Defendant was seen leaving the house carrying a book. The police arrested defendant a few blocks away, finding in his possession weapons and, inside the book, a brick of white powder later determined to be cocaine. The police believed that more contraband would be found in the house. The police took defendant immediately to his residence, entered the house, and found three people inside. The residence was then secured and an officer was sent to obtain a search warrant. The affidavit for the warrant did not reveal that police had already entered the *1002 premises. For three hours the police waited in the living room with defendant and the other occupants. When the warrant was delivered to them, police searched the rest of the house, seizing several items. At a hearing before the trial court, the defendant successfully moved to suppress the evidence seized from the house.[1]
The state argues that the evidence should not have been suppressed because it did not result from the concededly illegal entry, but from the search pursuant to a legal warrant. The state insists that the evidence was not "tainted" since it was discovered by virtue of a warrant issued on the basis of information obtained independent of the illegal entry, citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The entry and occupancy of the house in this case plainly constituted a Fourth Amendment search and seizure. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); United States v. Allard, 634 F.2d 1182 (9th Cir.1980). Because the state has not argued that the warrantless search and seizure was justified by exigent circumstances,[2] the search and seizure was per se illegal under the Fourth Amendment. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The issue, then, is whether the conceded illegality of the entry taints evidence actually found by the police, not during the illegal search and seizure, but under a subsequently acquired warrant. Since no Florida court has ruled on this precise issue,[3] we examine federal law on the subject. The Sixth Circuit's opinion in United States v. Griffin, 502 F.2d 959 (6th Cir.1974), was rendered on facts virtually indistinguishable from the present case. Government agents in Griffin illegally entered and secured an apartment without a warrant. Contraband was in plain sight. As in the present case, an agent was then set to procure a warrant, based on an affidavit citing facts and information independent of those discovered as a result of the illegal entry. The court, noting that police clearly may not enter a home without a search warrant or exigent circumstances simply because they think they have probable cause to believe evidence of crime may be found therein, held the subsequently obtained search warrant was insufficient to erase the taint of illegality:
The assertion by police (after an illegal entry and after finding evidence of crime) that the discovery was "inevitable" because they planned to get a search warrant and had sent an officer on such a mission, would as a practical matter be beyond judicial review. Any other view would tend in actual practice to emasculate the search warrant requirement of the Fourth Amendment.

502 F.2d at 961 (emphasis supplied); United States v. Allard, 634 F.2d 1182, 1186 (9th Cir.1980).
We agree with the court's holding in Griffin and apply it to the facts of this case. This defendant's residence and its contents were illegally searched and seized for over three hours prior to the delivery of a warrant. The police cannot be permitted to search and seize persons and homes in the absence of a warrant or exigent circumstances while they seek some independent evidentiary basis to justify a search warrant.[4] Such after-the-fact justifications are *1003 anathema to the Fourth Amendment warrant and reasonableness requirements. United States v. Griffin, supra. Any other ruling would, as a practical matter, permit the police to disregard the warrant requirement altogether, by illegally seizing and searching vehicles or houses, and seeking warrants only when such illegal activities produce indications or clues that contraband will be found by a more detailed search. Although we appreciate the difficulties the police face in balancing effective law enforcement with complex Fourth Amendment rules, illegal entries into homes cannot be sanitized by the simple expedient of seeking warrants after the illegal entry has occurred and the police are confident that contraband can be found. Moreover, failure of the police to disclose the ongoing search and seizure in their affidavit for the search warrant frustrated the very purpose of the warrant requirement  to place a neutral magistrate between the public and police conduct. See United States v. Allard, 634 F.2d 1182 (9th Cir.1980).
We therefore hold the evidence was not discovered by means sufficiently irrelative of the primary taint, since no independent intervening act of the defendant purged the original illegality. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Norman v. State, 379 So.2d 643 (Fla. 1980); Sheff v. State, 329 So.2d 270 (Fla. 1976); Engle v. State, 391 So.2d 245 (Fla. 5th DCA 1980). Absent exigent circumstances, when a defendant establishes that the state illegally entered his home, evidence discovered from such entry must be suppressed even though a search warrant is obtained prior to the actual discovery and seizure of the evidence. The motion to suppress evidence seized from defendant's residence was properly granted.
Affirmed.
NOTES
[1] At the same hearing the court denied defendant's motion to suppress the items seized at the time of his arrest. That ruling is not challenged on this appeal.
[2] In addition, the trial court specifically held that exigent circumstances did not justify the initial entry, a ruling this court may not disturb unless shown to be clearly erroneous. McNamara v. State, 357 So.2d 410 (Fla. 1978).
[3] In Sheff v. State, 329 So.2d 270 at 274 (Fla. 1976), the Florida Supreme Court appeared to hold that evidence seized from a motel room via a belatedly obtained search warrant was properly admitted, based on the dissipation-of-taint theory. However, the court's holding is not directly applicable to the facts of this case given the transient nature of a motel room, as opposed to a private dwelling. See 329 So.2d at 273.
[4] Significantly, the United States Supreme Court has never recognized an exception to the warrant requirement which would allow police to secure premises in anticipation of a search warrant.