OTT, Judge.
The state challenges the suppression of evidence in this prosecution for bookmaking. We hold that the affidavit for the search warrant was sufficient without those allegations based upon impermissible electronic surveillance and therefore reverse.
Appellee was arrested and charged with bookmaking after execution of a search warrant on the premises of one Elmira Parker. Her motion to suppress alleged that the search and seizure were invalid because the affidavit for the warrant was based in part on the unreasonable interception of private communications between Elmira Parker and a confidential informant who was equipped with a body bug.
After a nonevidentiary hearing, the motion to suppress was granted pursuant to State v. Sarmiento, 397 So.2d 643 (Fla.1981), which held that electronic surveillance of conversations held in the home is unconstitutional. The trial court stated that since the judge who approved the warrant did not strike the allegations related to electronic surveillance, the illegal police activity “infects the whole thing.” Appellee was on the premises when the warrant was served. Having found the affidavit insufficient, the court suppressed all the evidence obtained under the resulting search warrant.
The trial court was mistaken in its conclusion that the entire affidavit was tainted by the illegally obtained information. The totality of the affidavit reveals ample factual allegations totally independent of the improper surveillance.
The affidavit recites a description of the premises to be searched, alleges that the confidential informant’s reliability was previously established by affiant, and alleges a “controlled buy,” as follows:
1. Affiant gave Cl money to place bets at the residence described in the affidavit.
2. After being searched, the Cl was under constant visual and electronic surveillance by affiant.
3. The Cl entered the residence and met with an individual unknown to the affiant who took his bets.
4. The Cl was in the home for approximately four minutes, during which time affiant heard him placing the bets.
*355 5. The Cl was under constant electronic surveillance by affiant throughout the transaction until he left the residence and returned to affiant.
6. The Cl stated that a black female took more than five bets from him, wrote them down on a large notebook, and took the money to cover the bets.
Based on the above facts, in combination with his experience as a police officer working bookmaking, vice, and narcotics, affiant believed that a bookmaking operation was being conducted on the described premises. Affiant verified his belief by having the Cl go to the residence at least three times within 30 days and observe the bookmaking operation being conducted.
The duty of the trial court, under these circumstances, is to excise the invalid allegations and determine whether the remainder of the affidavit demonstrates probable cause. Antone v. State, 382 So.2d 1205 (Fla.1980). Despite the inclusion of illegally obtained evidence, the critical question is whether the independent and lawful information stated in the affidavit suffices to show probable cause. Neary v. State, 384 So.2d 881 (Fla.1980).
Statements made in an affidavit for the issuance of a search warrant which fall short of the constitutional standard may be treated as surplusage where the remainder of the allegations are sufficient of themselves to sustain the issuance of the warrant. Hicks v. State, 299 So.2d 44 (Fla.2d DCA 1974).
Upon close examination, it is evident that the tainted allegations of the affidavit are present in portions of those statements numbered two, four, and five. Yet, the affidavit contains a sufficiently definite description of the premises, and demonstrates a degree of informant reliability which cannot be seriously questioned. State v. Lasswell, 385 So.2d 668 (Fla.2d DCA 1980). The affidavit also establishes a proper “controlled purchase” of an illegal bet, which would be recognized by the courts of this state as demonstrating probable cause for a search warrant. State v. Gieseke, 328 So.2d 16 (Fla.1976); Law v. State, 292 So.2d 596 (Fla.2d DCA 1974).
In addition, the affidavit relates the facts demonstrating an on-going bookmaking operation and relates the experience of the affiant in bookmaking investigations. This corroborates additional portions of the informant’s report and lends believability to his reported observations of the notebook.
The totality of this affidavit furnishes more than adequate factual allegations to support a finding of probable cause and informant reliability without the surplusage concerning the electronic body bug worn by the CL Thus, the affidavit is quite sufficient to withstand a motion to suppress.
REVERSED and REMANDED for further proceedings consistent herewith.
CAMPBELL and SCHOONOVER, JJ., concur.