434 So.2d 1000 (1983)
STATE of Florida, Appellant,
v.
Bernard Barton HUNWICK, Appellee.
No. 82-2347.
District Court of Appeal of Florida, Fourth District.
July 13, 1983.
Rehearing Denied August 10, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellant.
Harry Gulkin, Hollywood, for appellee.
DELL, Judge.
The State appeals from an order of the trial court granting appellee's motion to suppress drugs and drug paraphernalia.
Police legally entered appellee's home and executed a warrant for the arrest of appellee upon charges of armed robbery, *1001 attempted murder and other crimes involving the use of a gun, described by the victim as an automatic weapon. The police also had a warrant for the arrest of appellee's alleged accomplice, and properly conducted a protective search of appellee's home for the accomplice. During the protective search the police saw, in plain view, an automatic handgun. On the facts of this case discovery of this weapon established probable cause for the issuance of a search warrant.
The officers, however, did not secure a search warrant at that time, but illegally extended their search and discovered other evidence of the crimes charged. At this point the officers applied for a warrant to search appellee's home. The affidavit in support of probable cause related events up to the discovery of the handgun, but omitted to mention the further, illegal search. The warrant issued, and during the search conducted pursuant to this search warrant, the officers discovered for the first time the drugs and paraphernalia which form the basis of the charges sub judice.
During the hearing on probable cause, the trial judge framed the issue for determination as whether the failure of the officers to inform the issuing magistrate of the second, illegal search rendered the warrant invalid. After hearing evidence and argument, the trial judge properly denied appellee's motion to suppress the handgun, but granted the motion with respect to the drugs and paraphernalia on the ground that
[T]hey didn't present the testimony actually to Judge Kaplan and the grounds upon which the warrant was issued were not fully given to Judge Kaplan and perhaps with this additional knowledge, Judge Kaplan might not have signed the warrant.
The issue presented for our decision is what effect, if any, the illegal search and concealment thereof had upon the validity of the subsequently secured search warrant, and the admissibility of evidence discovered solely from the search pursuant to warrant.
Appellant contends that the second, illegal search had no effect on the warrant or the admissibility of the drugs or paraphernalia for two reasons. First, if no illegal search had occurred, probable cause existed for the issuance of the search warrant because the initial entry and protective search by the police were legal, and they discovered the drugs and paraphernalia during the search pursuant to warrant. Second, if the police had revealed the illegal search to the issuing magistrate, he would have been required to excise all references to any information illegally obtained from the affidavit and determine probable cause based upon the remaining allegations. Those allegations would have been substantially the same as the allegations of the affidavit actually presented to the issuing magistrate, and the warrant would have issued.
Appellee contends that the failure to reveal the illegal search to the neutral magistrate issuing the search warrant so taints the entire warrant as to require exclusion of all evidence discovered pursuant thereto.
The inclusion of illegally obtained evidence in the supporting affidavit, where the affidavit contains other valid allegations sufficient to establish probable cause, does not invalidate a search warrant. Neary v. State, 384 So.2d 881 (Fla. 1980). The trial court's duty is to excise the invalid allegations and determine whether the independent and lawfully obtained information demonstrates probable cause. State v. Ward, 407 So.2d 353 (Fla. 2d DCA 1981). In Comparato v. State, 419 So.2d 1131 (Fla. 1st DCA 1982), the police officer had a reasonable suspicion to justify the initial stop of a vehicle and had probable cause to believe the vehicle contained drugs. The First District held that the warrantless search of a closed container within the vehicle did not invalidate the subsequently issued search warrant, because after excising all references to the container and its contents, the remaining allegations demonstrated probable cause.
In the case sub judice, the discovery of a handgun generally matching the description of the gun which the victim stated appellee had used clearly gave the officers *1002 probable cause to believe that further evidence of the crimes charged in the arrest warrant might be concealed in appellee's home. Equally clearly, had the officers included a description of the second, illegal search and the fruits thereof in the affidavit of probable cause, this court would not invalidate the search warrant. We would instead have required the trial court to strike those portions of the affidavit which rely upon the tainted information and then determine whether the remaining allegations established probable cause. Had the trial court done so, the judge would have had before him an affidavit of probable cause which alleged substantially the same facts as those included in the affidavit he actually considered. Accordingly, on the facts of this case, where the affidavit of probable cause states only allegations based upon information legally obtained, the drugs and paraphernalia should not have been suppressed unless the failure to inform the issuing magistrate of the illegal search fatally tainted the entire warrant.
Appellee relies upon the following dicta from State v. Ramos, 405 So.2d 1001, 1003 (Fla. 3d DCA 1981):
Moreover, failure of the police to disclose the ongoing search and seizure in their affidavit for the search warrant frustrated the very purpose of the warrant requirement  to place a neutral magistrate between the public and police conduct. See United States v. Allard, 634 F.2d 1182 (9th Cir.1980).
(Original emphasis.)
We find Ramos inappropriate for several reasons. First, and least significant, this language is mere dicta and has no binding effect. Second, both Ramos and Allard, on which Ramos relies, dealt with a factual situation wherein the initial entry by the police was illegal, and in which the police illegally seized the entire home and its contents before seeking a warrant. This illegal entry and seizure resulted in a violation of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) which tainted all evidence subsequently seized and rendered it inadmissible. The failure to reveal the Wong Sun violations resulted in improper issuance of a search warrant. In condemning the failure of the affiant to reveal the Wong Sun violation, the Allard court relied upon Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), in which the affiant knowingly and intentionally made a false statement in his warrant affidavit. The Supreme Court held that if the false statement was necessary to a finding of probable cause, the warrant must be voided and the fruits of the search excluded. It should be noted that even here, where the affiant made an affirmative misrepresentation, the trial court's duty was to examine the remaining allegations of the affidavit. Only if the remaining allegations did not suffice to establish probable cause was the court required to invalidate the warrant.
The police discovered the drugs and paraphernalia in this case for the first time during the search pursuant to warrant. The allegations which demonstrate probable cause for issuance of this search warrant were based only upon information legally and properly obtained. Therefore, even assuming the omission herein to be the equivalent of an affirmative falsehood, Franks, Allard and Ramos do not require suppression of the drugs and paraphernalia.
We therefore reverse that portion of the trial court's order which suppresses the drugs and drug paraphernalia, and remand for further proceedings.
REVERSED and REMANDED.
BERANEK and GLICKSTEIN, JJ., concur.