GRIMES, Judge.
Appellants pled nolo contendere to charges of possession of marijuana. They preserved the right to appeal the denial of their motions to suppress evidence seized pursuant to a search warrant.
The essential facts are as follows: On April 1, 1982, Sergeant Rigsby and Detective Everroad of the Bradenton Police Department were working undercover trying to arrange a narcotics deal with one Ron Angle. After supplying Angle with $760 of marked money, Sergeant Rigsby and other undercover officers followed Angle and Detective Everroad to a location in Manatee Palms. Angle walked away and subsequently returned with a large paper bag. The paper bag contained two pounds of marijuana. Detective Everroad identified himself as a police officer and asked Angle for his assistance. Angle agreed to cooperate and directed the police to the appellants’ house where he had made the marijuana purchase with the money supplied by the officers.
The police knocked on the front door of the residence, announced that they were police officers and entered. The officers asked the appellants to cooperate and let them search the house. When the appellants refused, the officers made a cursory inspection of the house to ascertain if anyone else was present. The appellants did not attempt to run or to destroy any evidence. The appellants were then asked to sit on a couch in the living room while several officers were sent to obtain a search warrant. The affidavit for the warrant was based upon Angle’s purchase of marijuana and did not reveal that the police had already entered and secured the premises. Upon delivery of the warrant nearly three and a half hours later, the police searched the house and seized several items including marijuana.
The appellants argue that the evidence should have been suppressed because the initial entry and occupancy of appellants’ home was illegal, thereby tainting the later search and seizure pursuant to the warrant.
Initially, we note that the entry and occupancy of the house in this case constituted a fourth amendment search and seizure. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); United States v. Allard, 634 F.2d 1182 (9th Cir.1980); State v. Ramos, 405 So.2d 1001 (Fla. 3d DCA 1981). Absent exigent circumstances, the police clearly may not force entry to a home without a search warrant simply because they think they have probable cause to believe evidence of crime may be found therein. United States v. Griffin, 502 F.2d 959 (6th Cir.1974), cert. denied, 419 U.S. 1050, 95 S.Ct. 626, 42 L.Ed.2d 645 (1974).
From the facts of the case sub judi-ce, it is apparent that no exigent circumstances existed. There was certainly no suggestion that the police were in pursuit of a fleeing felon. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). The police also were not responding to an emergency. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951). The state would ask this court to surmise that it was necessary for the officers to enter the appellants’ home and detain them while securing a search warrant in order to prevent their departure or the destruction of the marked money. The departure of the occupants of the house could have been prevented by leaving one or more officers to watch the residence while the warrant was obtained. Given the officers’ reason to believe that the occupants had sold marijuana to Angle, anyone departing the house could have been arrested without a war *1002 rant. See § 901.15(2), Fla.Stat. (1981). If this action had become necessary, there might then have been sufficient exigent circumstances for the police to enter the house before the remaining occupants were alerted to the arrest, but that did not occur here. As to the marked money, the police had no reason to believe it was in the process of being destroyed or removed from the jurisdiction.
The issue, then, is whether the illegality of the initial entry tainted the evidence found by the police pursuant to the subsequently obtained warrant. Our colleagues in the Third District Court of Appeal addressed this very question in State v. Ramos, 405 So.2d 1001 (Fla. 3d DCA 1981). In Ramos, the police received information from a confidential source that the defendant would deliver cocaine in a hollowed-out book. The police staked out the defendant’s home, observed him leaving with a book, and arrested him a few blocks away. They found both weapons and cocaine in his possession. The police immediately took the defendant to his residence, entered the house, and found three people inside. The residence was then secured while an officer was sent to obtain a search warrant. The affidavit for the warrant did not reveal that the police detained the defendant and the other occupants for three hours while the warrant was obtained. After obtaining the warrant, the officers searched the house and seized several items. The trial judge subsequently granted the defendant’s motion to suppress the items seized from the residence. On appeal, the court observed that since the state did not argue the existence of exigent circumstances, the warrant-less entry into the house was per se illegal. The court rejected the argument that the subsequent search and seizure under the warrant was purged of the illegality of the initial entry and detention. The court reasoned:
Although we appreciate the difficulties the police face in balancing effective law enforcement with complex Fourth Amendment rules, illegal entries into homes cannot be sanitized by the simple expedient of seeking warrants after the illegal entry has occurred and the police are confident that contraband can be found. Moreover, failure of the police to disclose the ongoing search and seizure in their affidavit for the search warrant frustrated the very purpose of the warrant requirement — to place a neutral magistrate between the public and police conduct. See United States v. Allard, 634 F.2d 1182 (9th Cir.1980).
... Absent exigent circumstances, when a defendant establishes that the state illegally entered his home, evidence discovered from such entry must be suppressed even though a search warrant is obtained prior to the actual discovery and seizure of the evidence. The motion to suppress evidence seized from defendant’s residence was properly granted.
Id. at 1003.
As in Ramos, we find that the subsequent search and seizure was so tainted by the prior illegal police activity that the evidence seized upon execution of the warrant must be suppressed. Accordingly, the judgments and sentences of the lower court are reversed, and the eases are remanded for further proceedings consistent with this opinion.
OTT, C.J., and SCHOONOVER, J., concur.