THREADGILL, Judge.
Joseph A. Mercier pleaded no contest to conspiracy to sell 200 to 400 grams of cocaine, possession of 200 to 400 grams of cocaine, possession of under 20 grams of marijuana, and possession of drug paraphernalia, reserving his right to appeal the denial of his motion to suppress. The appellant contends that the evidence seized by the police should have been suppressed because it was obtained as a result of an unreasonable warrantless entry into his home pending receipt of a search warrant. We affirm the judgment because there was an independent source for the warrant which purged the evidence of any taint from the warrantless entry.
Police entered and occupied the appellant’s home for fifteen hours while they waited for a search warrant. Upon execution of the warrant, they found the incriminating evidence and arrested the appellant.
The appellant contends that the seizure of his residence was unreasonable because the state failed to demonstrate the *309 existence of exigent circumstances justifying the warrantless entry. Warrantless seizures are per se unreasonable unless they fall within certain well-defined and established exceptions to the warrant requirement. United States v. Perdomo, 800 F.2d 916, 918 (9th Cir.1986). A war-rantless entry must be justified by probable cause and exigent circumstances. United States v. Burgos, 720 F.2d 1520, 1525 (11th Cir.1983).
The appellant does not contest the existence of probable cause for the issuance of the warrant and the resulting seizure of the contraband. The appellant had been the target of a year long police investigation into his drug dealing activities, and the police had ample probable cause to believe he was trafficking in cocaine. Immediately before entering the appellant’s home police arrested one of the appellant’s regular buyers for possession of two ounces of cocaine. An undercover police officer had given the buyer $2,100, in xeroxed bills to purchase two ounces of cocaine. The buyer was surveilled as he went directly to the appellant’s apartment and back to the undercover officer with the cocaine and without the money.
The state relied upon the arrest of a woman in the appellant’s front yard for the existence of exigent circumstances. As the regular buyer was being arrested by the undercover agent, a woman unexpectedly drove up to the appellant’s apartment and went inside. She returned to her car ten minutes later. A uniformed surveillance officer approached her, and she tossed a baggie of cocaine behind her. She was arrested and, fearing that the appellant had seen the arrest, police decided to enter his home without a warrant.
We need not determine whether these circumstances constitute exigent circumstances which together with the acknowledged probable cause would justify the warrantless entry because probable cause and exigent circumstances are not relevant to the admissibility of the challenged evidence. Having been seized under a warrant with a basis independent of the entry, the evidence was admissible. See Segura v. United States, 468 U.S. 796, 813-814, 104 S.Ct. 3380, 3389-3390, 82 L.Ed.2d 599 (1984).
In Segura, the Supreme Court held that evidence seized pursuant to a valid search warrant which is based on information known to police before the illegal entry and which is wholly unrelated to the entry is not tainted. Id. The search warrant in the appellant’s case contained facts known to police before the initial entry, and no information obtained during the entry and occupation of the residence was needed or used to secure the warrant. Thus, the factual basis for the warrant constituted an independent source for the discovery and seizure of the evidence and purged it of any taint. Id.
Notwithstanding the foregoing, we reaffirm that a warrantless entry in the absence of exigent circumstances is still illegal. Segura, 468 U.S. at 812, 104 S.Ct. at 3389. Although the exclusionary evidence rule may not be invoked to deter illegal police conduct where there is an independent source for incriminating evidence, officers expose themselves to potential civil liability under 42 U.S.C. section 1983 when they enter without exigent circumstances. See id.; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
Affirmed.
CAMPBELL, A.C.J., and PATTERSON, J., concur.