STRINGER, Judge.
Rigoberto Caso seeks review of the trial court’s order summarily denying a claim of ineffective assistance of counsel in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the claim is legally sufficient, the trial court erred in denying it without conducting a hearing. Accordingly, we reverse.
After a jury trial, Caso was convicted of two counts of trafficking in cocaine based upon the seizure of cocaine from his vehicle and home. In his motion for postcon-viction relief, Caso alleged that he was denied effective assistance of counsel because counsel did not investigate his assertion that the police coerced his consent to search his home by detaining him for a long time, threatening to get a warrant, threatening to lock up his wife and take his children, and promising that he would only be charged with the drugs in his ear and not with any drugs found in his home. Assuming these factual allegations are true, Caso has stated a legally sufficient claim. See, e.g., Butler v. State, 697 So.2d 907, 909 (Fla. 2d DCA 1997) (holding that a police officer’s act of threatening to get a warrant rendered a defendant’s consent to search involuntary); State v. Favaloro, 424 So.2d 47, 48 (Fla. 3d DCA 1982) (holding that consent induced by an implied promise that the defendant would not be prosecuted was involuntary); Nelson v. State, 376 So.2d 459, 459 (Fla. 1st DCA 1979) (holding that the prolonged detention of the defendant rendered a defendant’s consent involuntary).
The trial court denied relief based on its conclusion that the motion to suppress that had been filed on Caso’s behalf “adequately addressed [Caso’s] concern pertaining to police deception.” Although the motion mentioned Caso’s consent and the threats by the officers concerning his wife, the motion argued that the cocaine found in Caso’s house should be suppressed because the consent was given only after the illegal search of his vehicle and therefore was “fruit of the poisonous tree.” Because the record does not refute Caso’s legally sufficient claim, we reverse and remand for an evidentiary hearing. See Maharaj v. State, 684 So.2d 726 (Fla.1996).
Reversed and remanded.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, concur.