890 So.2d 465 (2004)
STATE of Florida, Appellant,
v.
Norris RIGGS, Jr., Appellee.
No. 2D03-2961.
District Court of Appeal of Florida, Second District.
December 29, 2004.
*466 Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellee.
KELLY, Judge.
Norris Riggs Jr., was charged with the manufacture of cannabis and possession of drug paraphernalia. He entered a plea of not guilty and moved to suppress evidence and statements obtained by the police after a warrantless entry into his apartment. Relying on Eason v. State, 546 So.2d 57 (Fla. 1st DCA 1989), the trial court rejected the State's contention that the entry was lawful based on exigent circumstances and granted Riggs' motion. The State now appeals from that order. We reverse.
The facts giving rise to the seizure of the evidence against Riggs are not in dispute. At three o'clock in the morning on January 2, 2003, two Polk County sheriff's deputies were summoned to an apartment complex where a four-year-old girl had been seen walking around naked and alone. When the officers arrived, some residents of the complex had the child in their custody. The child did not know from which apartment she had come. In an attempt to find the child's caregiver, the officers searched the building. On the second floor of the three-story complex, all the apartment doors were closed except one, which was open a couple of centimeters and through which a light was visible.
The officers pounded on the door of the apartment at least three dozen times and identified themselves as Polk County sheriff's officers. Although they received no response from within the apartment, some of the neighbors came out of adjoining apartments to see what was occurring. Concerned that something had happened to the child's caregiver, the officers entered *467 the apartment. They continued to call to the occupants but received no response. They did, however, see a light coming from a closed door. They also saw seeds in a plastic cigar tube on a coffee table in the living room. Still receiving no response to their calls, they inspected a room where the door was open and no light was on. Not finding anyone there, the officers opened the door to the lit room and found seven potted marijuana plants with a light suspended above them. They proceeded to another room in the apartment where they found Riggs and a woman who they later learned was the lost child's babysitter. Riggs was arrested and confessed that he had cultivated the marijuana.
At the suppression hearing, the State claimed that the officers had properly entered the apartment under the exigent circumstances exception to the warrant requirement and that the officers were justified in seizing the items in plain view. The trial court disagreed and granted the motion to suppress. The trial court based its decision on Eason, a case in which a small child was also found wandering around unsupervised at an apartment complex. 546 So.2d at 58. In that case, a child pointed to the front door of an apartment and told police officers that his mother was inside. The officers entered the apartment after having received no response to their knocks and calls and found marijuana and paraphernalia in plain view. The trial court in Eason denied the motion to suppress on the ground that the officers' entry was lawful. Id.
The First District reversed, finding that there was no emergency because the child was in the custody of a responsible adult, and because the officers did not see any evidence that the child had been abused, that medical intervention for the caregiver was necessary, or that there had been a robbery or a murder. Because there were no exigent circumstances to enter the apartment without a warrant, the court held that entry was illegal and all evidence found as a result should have been suppressed. Id. at 59.
We respectfully disagree with the result reached in Eason for the reasons articulated in Judge Smith's dissent. The dissent focused not on the welfare of the child, who was not in danger, but on the welfare of the child's mother. Id. at 61. The dissent states:
[U]pon receiving no response to their knock and announcement of their presence, the officers justifiably entered the apartment for further investigation as to the condition of the child's mother. The need to act was therefore clear, and neither logic nor reason, in my opinion, support the majority's holding that under these circumstances the police should have simply walked away from the scene.
Id. The same reasoning applies here. The officers believed it was their duty to see that the child's caregiver was not incapacitated and justifiably entered the residence.
As the State argues, police entry into a home to check on the safety of its residents constitutes exigent circumstances for purposes of the exception to the search warrant requirement for entry into a home. Davis v. State, 834 So.2d 322 (Fla. 5th DCA 2003). This exception to the warrant requirement is premised on the generally accepted notion that "[t]he right of police to enter and investigate in an emergency, without an accompanying intent either to seize or arrest, is inherent in the very nature of their duties as peace officers and derives from the common law." Webster v. State, 201 So.2d 789, 792 (Fla. 4th DCA 1967). The reasonableness of the belief of the police as to the existence of an emergency is measured by the totality of existing circumstances. Lee v. *468 State, 856 So.2d 1133 (Fla. 1st DCA 2003). In this case the officers were summoned to the apartment complex because a naked child was found wandering alone at three o'clock in the morning. During their investigation, the officers noticed that an apartment door was ajar and logically surmised that the child had wandered out of that apartment. No one came to the door when the officers knocked and announced their presence. Out of concern for the well-being of the residents they entered the apartment. Therein they found marijuana and paraphernalia in plain view before concluding that no emergency existed.
"[I]f the police enter a home under exigent circumstances and, prior to making a determination that the exigency no longer exists, find contraband in plain view, they may lawfully seize the illegal items." Davis, 834 So.2d at 327. Because the officers justifiably felt that exigent circumstances required their investigation, their entry into the apartment and seizure of the contraband was lawful. Accordingly, we reverse the trial court's order granting the motion to suppress and remand for further proceedings.
Reversed.
FULMER and SILBERMAN, JJ., concur.