955 So.2d 1115 (2006)
Harry BARTH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3643.
District Court of Appeal of Florida, Second District.
December 6, 2006.
Kendra D. Presswood of Presswood Law Firm, P.A., Holmes Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
CASE, JAMES R., Associate Judge.
Harry Barth appeals his judgments and sentences in two consolidated cases for possession of a listed chemical with intent to manufacture methamphetamine, possession of methamphetamine with intent to sell, and possession of drug paraphernalia. Barth alleges that the trial court erred in denying his dispositive motions to suppress in each case and challenges the trial court's denial of his motion for reconsideration of his sentence. Barth reserved his right to appeal the denial of his motions to suppress. We affirm the trial court's denial of Barth's motion to suppress in case number XX-XXXXXX and the trial court's denial of his motion for reconsideration of *1117 sentence without comment. We also affirm the denial of Barth's motion to suppress in case number XX-XXXXXX because the trial court properly determined that the evidence was seized pursuant to a properly executed search warrant. We write solely to address the legality of the arresting officers' initial warrantless entry into Barth's residence.
On September 2, 2004, two detectives from the Sarasota Sheriff's Office Special Investigations Bureau were engaged in surveillance at a residence in Nokomis, Florida, as part of an ongoing investigation of methamphetamine production and sales in the area. During their surveillance, the detectives observed Barth and an accomplice depart the residence in a pickup truck. The detectives and other members of the Sheriff's Office followed their movements and observed the two men travel to several stores where they purchased items commonly used in the production of methamphetamine, after which they returned to the residence.
Based on the information developed during the ongoing investigation, the immediate surveillance, and the detectives' knowledge and experience (the lead detective had extensive experience in the investigation of the illegal production and sale of methamphetamine and had over one hundred thirty hours of training in the subject), the detectives had reason to believe that materials necessary for the production of methamphetamine were present in the residence and that a methamphetamine laboratory was likely to be in operation there. Because the process involved in the production of methamphetamine is highly dangerous and presented an unacceptable level of risk to the occupants and neighbors, the detectives made the decision to enter the residence prior to obtaining a search warrant solely for the purpose of evacuating the persons inside. After first consulting with the assistant state attorney, the detectives entered Barth's residence, evacuated its residents, and contacted the fire department. Once the occupants were removed from the residence and fire department investigators had determined the residence was safe, the detectives refrained from reentering to conduct a search until the warrant had been obtained. The subsequent search resulted in the seizure of methamphetamine, chemicals used in the production of methamphetamine, and drug paraphernalia.
Barth argues that the initial, warrantless entry into his home was without probable cause or exigent circumstances; therefore, the subsequent search of his home was illegal and the evidence seized in the search should be suppressed. As Barth correctly points out, a warrantless search of a home is presumptively unreasonable and a violation of the Fourth Amendment, unless the search falls within certain recognized constitutional exceptions. Seibert v. State, 923 So.2d 460, 468 (Fla.2006); Mercier v. State, 579 So.2d 308, 309 (Fla. 2d DCA 1991). One of the recognized exceptions is exigent circumstances. Seibert, 923 So.2d at 468; Lee v. State, 856 So.2d 1133, 1137 (Fla. 1st DCA 2003); United States v. Burgos, 720 F.2d 1520, 1525 (11th Cir.1983).
Whether exigent circumstances are present that would justify entry without a warrant is evaluated based on the totality of the circumstances. Seibert, 923 So.2d at 468. "The kinds of exigencies or emergencies that may support a warrantless entry include those related to the safety of persons or property." Rolling v. State, 695 So.2d 278, 293 (Fla.1997). "It is immaterial whether an actual emergency existed in the residence; only the reasonableness of the officer's belief at the time of entry is considered on review." Seibert, 923 So.2d at 468 (citing State v. Boyd, 615 So.2d 786, 789 (Fla. 2d DCA 1993)).
*1118 Many courts have considered whether the dangers inherent in the operation of a methamphetamine lab, which include handling of hazardous and volatile chemicals, poisonous fumes, fire, and explosion, present sufficient exigent circumstances to justify entry without a warrant and have found in the affirmative. See, e.g., United States v. Williams, 431 F.3d 1115 (8th Cir.2005); United States v. Rhiger, 315 F.3d 1283 (10th Cir.2003); Fulmer v. State, 2003 WL 22245944 (Ark.Ct.App. 2003) (not reported); People v. Messina, 165 Cal.App.3d 937, 212 Cal.Rptr. 75 (1985); People v. Haycraft, 349 Ill.App.3d 416, 285 Ill.Dec. 260, 811 N.E.2d 747 (2004); State v. Pape, 2005 WL 2135139 (Ohio Ct.App.2005) (Slip Op.); Coffey v. State, 99 P.3d 249 (Okla.Crim.App.2004); State v. Gabbard, 129 Or.App. 122, 877 P.2d 1217 (1994); Buchanan v. State, 129 S.W.3d 767 (2004); State v. Franks, 130 Wash.App. 1015 (Wash.Ct.App.2005). We expressly agree with the conclusions of these courts and hold that the operation of a methamphetamine lab is inherently dangerous, presents an immediate threat to public safety, and is well within the scope of the exigent circumstance exception.
In the instant case, the detectives had reasonable cause to believe that Barth had a methamphetamine lab in operation within the dwelling based on their experience, facts developed during investigation, and observance of Barth's activities that day. Thus, their initial entry into the residence was based on clear exigent circumstances and was therefore lawful.
Because the detectives took the precaution of waiting until the search warrant arrived before reentering the residence and conducting their search, we need not examine whether the exigent circumstances justifying the initial entry also justified the subsequent search and seizure of the evidence Barth sought to have suppressed.[1] Instead, the search was conducted pursuant to a properly executed warrant,[2] and the evidence discovered during that search was therefore admissible. See Segura v. United States, 468 U.S. 796, 810, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984); State v. Riley, 462 So.2d 800, 802 (Fla. 1984); Mercier, 579 So.2d at 309.
We have considered the other issues raised by Barth in this appeal and have determined they are without merit.
Affirmed.
SALCINES and LaROSE, JJ., Concur.
NOTES
[1] Since the initial entry in this case was lawful, any evidence the detectives might have observed in plain sight during the entry would have been subject to seizure without a warrant. See State v. Riggs, 890 So.2d 465, 468 (Fla. 2d DCA 2004).
[2] Barth has not challenged the existence of probable cause for the issuance of the warrant.