KHOUZAM, Judge.
The State appeals an order granting Lorenzo Dean Hood’s motion to suppress. Because the circuit court should have denied Hood’s motion, we reverse and remand.
On July 13, 2009, Hood was charged with one count of grand theft, one count of burglary, and two counts of grand theft of a motor vehicle. Hood filed a motion to suppress on November 25, 2009, arguing that evidence seized pursuant to a search warrant should be suppressed because the search warrant was based on information obtained during an illegal entry and search. The circuit court granted the motion after a hearing was held.
The evidence presented at the hearing on the motion to suppress revealed that a car audio business owned by George Joyner had. been broken into and a set of tires and two cars with custom paint jobs were missing. Joyner observed that someone had rammed a car into the back door of the business. There was maroon paint on the door that Joyner believed had come from Hood’s car because Hood had been to the business the day before and had been driving a maroon car.
The next day, Joyner went out in search of the stolen cars. He identified one of the cars — a 1985 Oldsmobile with a blue and purple custom paint job — in a garage attached to a house. A man was working on the car, and the car’s hood had been taken off. Joyner also identified Hood’s maroon car parked at the house.
After making these observations, Joyner called law enforcement and told Detective Christopher Stoddard that he had seen one of the stolen cars. He told Stoddard that it appeared that the car was being stripped for parts.
In response to Joyner’s call, Stoddard went to the residence without a search *394 warrant. Nobody answered the door, but Stoddard heard a scuffling noise inside the garage, which was open by three inches. When he got down on his hands and knees to look inside the opening to investigate the noise, he touched the door to support himself. The door lifted up, and then he pushed it up the rest of the way. He took a few steps inside to see if there was anybody there, and then left the residence to prepare a search warrant. The affidavit that he prepared included information gathered during his search of the garage, information provided by Joyner, and information from Detective John Lathrop, who had arrived at the home after Stoddard had left.[1]
Detective Lathrop also went to the residence to investigate Joyner’s call. La-throp waited at the house until the owner came home. When he asked her if he could search the house, she told him to get a warrant. Lathrop asked the owner whether there was anybody in the house. Because she did not know if anybody was inside, Lathrop entered with her to secure the residence. He completed a cursory search by walking through the entire house except for one locked room. During the search, Lathrop observed a set of large tires that had been placed in the middle of a back bedroom. He told Detective Stod-dard about the tires and left the home.
The court granted the motion to suppress, finding that because there were no exigent circumstances and there was no consent, Lathrop and Stoddard had unlawfully entered and searched the home. Accordingly, the officers’ observations could not properly be used to support a search warrant. The court also noted that it believed that Joyner’s observations provided a substantial basis for concluding that probable cause existed. But, relying on Mercier v. State, 579 So.2d 308 (Fla. 2d DCA 1991), and Segura v. U.S., 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), the court ultimately found that these independent facts could not form the basis for the warrant because the officers’ observations made during the unlawful entry had tainted the affidavit.
On appeal, the State does not dispute that the entry and search of the garage and the house were unlawful. Instead, the State argues that the search warrant was valid despite the fact that the supporting affidavit included information obtained during these unlawful searches. The State correctly points out that neither Mercier nor Segura addressed the question of whether a search warrant issued in part based on information gathered from an unlawful warrantless entry is invalid even though it also includes validly gathered information that would independently support the warrant.
Generally, this court reviews a circuit court’s ruling on a motion to suppress under a mixed standard: factual findings are given deference if supported by competent, substantial evidence but legal conclusions are reviewed de novo. State v. Abbey, 28 So.3d 208, 210 (Fla. 4th DCA 2010). However, a standard of great deference applies in cases addressing the validity of a search warrant based on probable cause. Id. This court has explained that “[i]n the context of evidence seized by virtue of a search warrant, when no one claims that the police fabricated or omitted evidence from the warrant, this is once again primarily a legal examination of the evidence in the affidavit to determine whether it established probable cause— *395 with a presumption of correctness given to the trial court, which in turn gave great deference to the magistrate.” Pilieci v. State, 991 So.2d 883, 894 (Fla. 2d DCA 2008).
“It is axiomatic that evidence resulting from an illegal search cannot be the basis of probable cause supporting a subsequent search warrant.” State v. Rabb, 920 So.2d 1175, 1187 (Fla. 4th DCA 2006). But our inquiry does not end there. Once it has been established that the police performed an unlawful search, this court must determine “whether any independent and lawfully obtained evidence establishes a substantial basis for concluding that probable cause existed to support the issuance of a search warrant.” Id. Therefore, the inclusion of illegally obtained evidence in a supporting affidavit does not automatically invalidate the resulting search warrant. Id. (quoting State v. Hunwick, 434 So.2d 1000, 1001 (Fla. 4th DCA 1983)).
Instead, the court must excise the invalid allegations from the affidavit and determine whether sufficient valid allegations remain to support a finding of probable cause. Id. If so, the search warrant is still valid. “ ‘To establish probable cause, the affidavit must set forth two elements: (1) the commission element— that a particular person has committed a crime — and (2) the nexus element — that evidence relevant to the probable criminality is likely to be located at the place searched.’ ” State v. Exantus, 59 So.3d 359, 361 (Fla. 2d DCA 2011) (quoting State v. Vanderhors, 927 So.2d 1011, 1013 (Fla. 2d DCA 2006)). The sufficiency of the affidavit must be determined based on the totality of the circumstances. Id.
Here, the record on appeal shows that law enforcement obtained the following information from Joyner, independent of their unlawful entry and search of the house and garage. Joyner, the owner of the business, had identified the stolen vehicle — a 1985 Oldsmobile with a custom blue and purple paint job — at the house the day after the theft. The person working on the car appeared to be stripping it. There was maroon paint on the back door of the business where it appeared that the perpetrator had rammed his vehicle into the door. Hood drove a maroon car. Hood was at the business the day before the theft. And, finally, Hood’s maroon vehicle was parked in front of the same house where Joyner saw the stolen vehicle.
This information was sufficient to establish probable cause for a search warrant independent of the evidence uncovered during the warrantless entry and search of the house and garage because it suggested that Hood had stolen the vehicles from Joyner’s business and that evidence of the theft and burglary could be located at the house. The circuit court judge even noted that he believed the information provided by Joyner was sufficient to establish probable cause:
This is an interesting situation because the citizen alleged victims did have a number of very specific observations regarding the crime, and frankly, I think that if I looked at it in just that aspect, I think that the issuing judge would have had a substantial basis for concluding that probable cause existed to believe that evidence of the crime was at the residence.
Despite this determination, however, the circuit court incorrectly believed that suppression was required because information obtained during the unlawful entry and search had tainted the affidavit.
One additional factor in determining whether a supporting affidavit is sufficient to establish probable cause is the veracity of the informant. State v. Novak, *396 502 So.2d 990, 992 (Fla. 3d DCA 1987). A victim of a crime is presumed to be a trustworthy informant. Id. Here, Joyner was the informant who provided the information leading the police to the home where the evidence was found. As Joyner was the victim of the theft, he is presumed to be a trustworthy informant and nothing in the appellate record suggests otherwise.
Accordingly, we reverse and remand because the trial court erred in granting Hood’s motion to suppress.
Reversed and remanded.
MORRIS and BLACK, JJ., Concur.

. We note that the affidavit is not included in the appellate record, apparently because it was never filed with the circuit court clerk. However, the parties do not dispute what information was contained in the affidavit.